# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ANDRE DAVIS, )
       Plaintiff, )
       )
     v. ) Civil Action No. 18-1405
       )
ALLEGHENY COUNTY DISTRICT ) Magistrate Judge Robert C. Mitchell
ATTORNEY, )
       Defendant. )

## <u>MEMORANDUM OPINION</u>

Presently before the Court is a motion for leave to proceed in forma pauperis (ECF No. 1), along with a complaint (ECF No. 1-1) filed pro se by Plaintiff Andre Davis. Plaintiff has consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c). (ECF No. 1-2.)

The in forma pauperis statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989). When reviewing an in forma pauperis application the District Court must first determine whether Plaintiff is eligible for pauper status under 28 U.S.C. § 1915(e)(2)(A). If that finding is made, the Court must conduct an independent review of the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. <u>See</u> 28 U.S.C. § 1915(e)(2)(B).

Here, it appears as though Plaintiff has demonstrated a financial eligibility to proceed in forma pauperis. (ECF No. 1.) Nonetheless, this Court's independent review of his Complaint supports dismissal under Section 1915(e)(2)(B). The United States Supreme Court has held that dismissal based on 28 U.S.C. § 1915(e)(2) is appropriate when the action is "based on an indisputably meritless legal theory" and when it posits "factual contentions [that] are clearly baseless." <u>Neitzke</u>, 490 U.S. at 327. The Court of Appeals for the Third Circuit has added that

"the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that ...are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Plaintiff's Complaint indicates that the basis for federal court jurisdiction is a federal question (although he also completed the section on the Civil Cover Sheet for diversity jurisdiction). In fact, he poses two federal questions: "What is the gun law for an individual who is charge for shooting a person? Are gun cases real if they drop them at the preliminary?" (ECF No. 1-1 at 3.) He also checked the box for assault, libel & slander on the Civil Cover Sheet and wrote "verbal slander." He described his claim as "Failure to meet with me also No respect for victim in USA." (ECF No. 1-3.)

In his Statement of Claim, he writes:

> I requested a meeting and never was seen or contacted so I'm taking the prosecution office to federal court. I want this not guilty judgment to be read and tell why to judge and about me being teased and what's the remedy. I was wondering if I had a gun case tossed awhile back with me to get that case re-examined and looked at if so how. False to say there [sic] not responsible cause it's like malpractice to them.

(ECF No. 1-1, § III.) He requests $40 million in damages.

The Complaint appears to have as its origin some interaction Plaintiff had with the criminal justice system, particularly the Allegheny County District Attorney's Office. However, that is the most that can be gleaned from the rambling narrative of the Complaint. To the extent that Plaintiff is contending that no one at the D.A.'s Office met with him or took his complaint, neither of these allegations would state a claim upon which relief could be granted. See Leeke v.

Timmerman, 454 U.S. 83, 85-86 (1981) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")

Moreover, the Allegheny County District Attorney is not an entity that is subject to suit under the civil rights statute, 42 U.S.C. § 1983.  See Will v. Michigan Department of State Police, 491 U.S. 58 (1989); Bolden v. Southeastern Pa. Transp. Auth., 953 F.2d 807, 818 (3d Cir. 1991); Reitz v. County of Bucks, 125 F.3d 139, 148 (3d Cir. 1997) ("[T]he Bucks County District Attorney's Office is not an entity for purposes of § 1983 liability[.]"); Estate of Tyler ex rel. Floyd v. Grossman, 108 F. Supp. 3d 279 (E.D. Pa. 2015) (District Attorney's Office not entity subject to suit under § 1983).  Therefore, claims against this entity are frivolous.

Accordingly, giving Plaintiff's Complaint the most liberal construction, Erickson v. Pardus, 551 U.S. 89 (2007), this Court determines it is legally frivolous.  Accordingly, this Court will dismiss the complaint pursuant to § 1915(e)(2).

Ordinarily, upon dismissing a complaint a district court must grant the plaintiff the opportunity to amend.  However, where, as here, amendment cannot cure the deficiencies of the complaint, the court may dismiss the complaint with prejudice without leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 112-113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend.") Thus, because this Court has determined that the Complaint is frivolous, leave to amend is denied.

An appropriate order follows.


                                                    s/Robert C. Mitchell_____
                                                    ROBERT C. MITCHELL
                                                    United States Magistrate Judge

Dated: October 26, 2018

cc:    Andre Davis
        P.O. Box 23074
        Pittsburgh, PA 15222